**Mary A. HOHE, et al., Plaintiffs,**

v.

**Robert P. CASEY, Governor, et al., Defendants.**

**Civ. A. No. 88–1348.**

United States District Court, M.D. Pennsylvania.

Aug. 30, 1988.

**582**

See also 695 F.Supp. 814.

Milton L. Chappell, Raymond J. LaJeunesse, Jr., Glenn M. Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, Va., and Thomas A. Beckley, John G. Milakovic, Charles O. Beckley, II, Beckley & Madden, Harrisburg, Pa., for plaintiffs.

Thomas York, and Joseph S. Sabadish, Deputy Attys. Gen., Office of the Attorney General, Harrisburg, Pa., for Casey, Zazyczny, Greene & Com. of Pennsylvania.

Elaine Williams, Kirschner, Walters & Willig, Philadelphia, Pa., and John J. Sullivan, Richard Kirschner, Larry P. Weinberg, Kirschner, Weinberg & Dempsey, Washington, D.C., for Council 13, American Federation of State, County & Municipal Employees.

### ORDER

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On July 13, 1988, the Governor of Pennsylvania signed Act No. 84 of 1988 thereby amending Pennsylvania's Administrative Code of 1929, 71 P.S. §§ 51–732. Act 84 authorizes labor unions to bargain for and collect a "fair share fee" from non-union Commonwealth employees in order to offset the cost of collective bargaining on behalf of the non-union employees. On July 28, 1988, the defendants amended their collective bargaining agreement to provide for the payment of such a fee. Beginning on or about August 4, 1988, they sent to the plaintiffs certain notices and financial disclosure materials as a prelude to the fee collection which commenced on August 16, 1988.

On August 26, 1988, the plaintiffs brought this lawsuit in which they seek injunctive and declaratory relief for themselves and others similarly situated. They are challenging the constitutionality of Act 84, both on its face and as applied by the defendants, under the first and fourteenth amendments. Now before the court is the plaintiffs' motion for a temporary restraining order or a preliminary injunction. They allege several constitutional flaws in the defendants' collection plan, notice and financial disclosure which they claim cause irreparable injury and require immediate restraint.

It is clear that although agency shop or fair share fee programs impinge upon first amendment rights, with proper procedural safeguards, they are constitutional. *See Chicago Teachers Union v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986); *Ellis v. Railway Clerks*, 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984); *Abood v. Detroit Board of Education*, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). Such programs must minimize the risk that non-union employees' contributions might be used, even temporarily, for impermissible purposes. The constitutional requirements for a union's collection of agency fees include "an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending." *Hudson* at 310, 106 S.Ct. at 1078, 89 L.Ed. 2d at 249.

It appears to the court that the notice supplied to the plaintiffs by the defendants does not comport with the standards established by the Supreme Court in *Hudson* and is thus constitutionally inadequate. Specifically, it appears that the notice was not provided in a timely manner and does not provide sufficient information regarding the funds delivered to affiliates of AFSCME Council 13. Thus the plaintiffs apparently have not been given adequate information with which to gauge the propriety of the union's fee calculation. Finally, it appears that the escrow agreement is insufficient to safeguard the plaintiffs' rights.

Accordingly, this 30th day of August, 1988, upon consideration of the plaintiffs' motion for a temporary restraining order and a preliminary injunction, the exhibits and affidavits attached thereto, and the plaintiffs' verified complaint, it is ordered that a hearing on the plaintiffs' application for a preliminary injunction is scheduled for 11:30 a.m. on Friday, September 9, 1988, in Court Room 1, ninth floor, Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania.

It is further ordered that pending the hearing of the motion for a preliminary injunction, the defendants, their employees, agents, attorneys and all other persons or entities acting in concert with or on behalf of the defendants, are hereby enjoined and restrained from deducting or retaining any additional fair share fees from the salaries of the plaintiffs and any other employees of the Commonwealth of Pennsylvania, or one of its agencies, who are represented for collective bargaining purposes by AFSCME Council 13, but who are not members of that union.

If said hearing does not occur within ten days, then this order shall expire by its own terms no later than ten days from entry, unless within that ten day period, for good cause shown, it is extended for a like period, or unless the defendants consent to a longer extension.